**McGuireWoods**

McGuireWoods LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
Phone: 919.755.6600
Fax: 919.755.6699
www.mcguirewoods.com

Jonathan Y. Ellis
Direct: 919.755.6688
jellis@mcguirewoods.com

March 3, 2023

<u>**VIA Electronic Filing**</u>

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

  Re: No. 22-1864, *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.*
    **Submission of Supplemental Authority**

Dear Ms. Dodszuweit:

Pursuant to Federal Rule of Appellate Procedure 28(j), the Appellant Trusts bring to the Court's attention the Supreme Court's recent grant of certiorari in *Consumer Financial Protection Bureau v. Consumer Financial Services Ass'n of America*, No. 22-448 (Feb. 27, 2023) ("*CFSA*").

*CFSA* presents the question whether the CFPB's funding scheme violates the Appropriations Clause, U.S. Const. Art. I, § 9, Cl. 7. An affirmance in *CFSA* would profoundly impact all litigation involving the CFPB, including this case. The Fifth Circuit concluded in *CFSA* that the "Bureau's funding apparatus cannot be reconciled with the Appropriations Clause and the clause's underpinning, the constitutional separation of powers." *CFSA v. CFPB*, 51 F.4th 616, 642 (5th Cir. 2022). And the court vacated the agency's Payday Lending Rule to remedy that violation, because its promulgation was funded by that unconstitutional scheme. *Id.* at 643.

Because the CFPB's enforcement actions are funded by the same unconstitutional scheme, this action would almost certainly warrant dismissal if the Supreme Court affirms the Fifth Circuit's remedial holding. As the CFPB has acknowledged, *CFSA* has "enormous legal and practical consequences" and "threatens the validity of all past CFPB actions." Petition for Writ of Certiorari at 28, 29, *CFSA*, No. 22-448 (U.S. Nov. 14, 2022). Although the Appropriations Clause question is not presented in this appeal, it remains a live issue in this case as one of the Trusts' expressly preserved affirmative defenses. Dist. Ct. Dkt. No. 392 at 14.

In addition, the Fifth Circuit relied heavily on *Collins v. Yellen*, 141 S. Ct. 1761 (2021), in determining the appropriate remedy, finding it relevant not only to removal cases but to "separation-of-powers cases more generally." *CFSA*, 51 F.4th at 642. How to read and apply

March 3, 2023
Page 2

*Collins* is, of course, also in dispute here. The Supreme Court's resolution of *CFSA* therefore may also aid this Court's resolution of this appeal.

                                              Respectfully submitted,

                                              */s/ Jonathan Y. Ellis*

                                              Jonathan Y. Ellis
                                              MCGUIREWOODS LLP
                                              501 Fayetteville Street
                                              Suite 500
                                              Raleigh, NC 27601
                                              jellis@mcguirewoods.com

                                              Nicholas J. Giles
                                              MCGUIREWOODS LLP
                                              Gateway Plaza
                                              800 East Canal Street
                                              Richmond, VA 23219
                                              ngiles@mcguirewoods.com

                                              Francis J. Aul
                                              MCGUIREWOODS LLP
                                              888 16th Street, N.W.
                                              Suite 500
                                              Washington, D.C. 20006
                                              faul@mcguirewoods.com

                                              *Counsel for the Defendant-Appellant Trusts*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF System, which will also serve counsel of record.

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis