

1700 G Street NW, Washington, D.C. 20552

March 6, 2023

<u>Via CM/ECF</u>

Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

   Re:   *CFPB v. National Collegiate Master Student Loan Trust*, No. 22-1864

Dear Ms. Dodszuweit:

     This letter responds to the Defendant-Trusts' March 3 letter about *CFPB v. Community Financial Services Ass'n*, No. 22-448 (U.S. cert. granted Feb. 27, 2023) ("*CFSA*").

     *CFSA* concerns a challenge to the Bureau's statutory funding mechanism. It is irrelevant to the issues presented in this interlocutory appeal: whether the Trusts are "covered persons" under the Consumer Financial Protection Act, and whether the amended complaint must be dismissed because of the CFPA's inoperative removal provision.

     Because the decision under review in *CFSA* looked by analogy to *Collins v. Yellen*, 141 S. Ct. 1761 (2021), in assessing the appropriate remedy for an Appropriations Clause violation, the Trusts say that *CFSA* could "aid this Court's resolution of this appeal." No further help is needed. *Collins* squarely holds that parties cannot challenge actions (like the amended complaint here) based on a removal provision that did not apply to the relevant agency official. Bureau Br. at 34-37. *Collins* is equally clear that to challenge other actions, a party must show that the provision caused it harm—something the Trusts cannot do. *Id.* at 37-46. There is no reason to expect the Court in *CFSA* to suddenly reconsider these core

consumerfinance.gov

remedial holdings of *Collins* (decided just two terms ago)—if it addresses *Collins* at all.

Indeed, the Court has indicated it will not address how *Collins* applies when a removal provision is invalid. Respondents in *CFSA* filed a cross-petition seeking review of the Fifth Circuit's ruling that they were not entitled to relief under *Collins* because they had not shown that the CFPA's removal provision harmed them. Cross-Pet. at 13-19, *CFSA v. CFPB* (No. 663), 2023 WL 336413. (They also asked that the Court add that question if it granted the Bureau's petition.) Respondents' arguments closely mirrored the Trusts' here. *See id.* The Court denied Respondents' cross-petition and added no questions when granting the Bureau's petition.

*CFSA* warrants no delay in resolving the Trusts' appeal, at which point the Bureau's enforcement action—stayed pending this appeal—can resume, and the Trusts may seek to raise, for the first time, whatever objections they have to the Bureau's funding.

Respectfully submitted,

*/s/ Kevin E. Friedl*
Kevin E. Friedl
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

cc:  Counsel of Record