**McGuireWoods**

McGuireWoods LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
Phone: 919.755.6600
Fax: 919.755.6699
www.mcguirewoods.com

Jonathan Y. Ellis
Direct: 919.755.6688
jellis@mcguirewoods.com

March 30, 2023

**VIA Electronic Filing**

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re:    No. 22-1864, *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.*
            Response to CFPB's Submission of Supplemental Authority

Dear Ms. Dodszuweit:

The Trusts write in response to the Bureau's March 27 letter, directing this Court's attention to *CFPB v. Law Offices of Crystal Moroney, P.C.*, 2023 WL 2604254 (Mar. 23, 2023) (*"Moroney"*). Three features of *Moroney* make clear this Court can—and should—reach a different result in this case.

First, *Moroney* expressly recognized the limits of Justice Alito's majority opinion in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). As the Second Circuit observed, the *Collins* majority announced no "definitive holding" regarding how to prove "harm" sufficient to justify retrospective relief from an unlawful removal provision. Slip Op. at *3. Indeed, "courts have disagreed as to how one could make such a showing" in *Collins*' wake. *Id.* The Bureau overreaches, then, when it suggests *Moroney* applied "*Collins*'s express remedial holding." Ltr. at 2. The "but for" test the Bureau urges is nowhere in the holding of *Collins* and is actually *inconsistent* with what the majority *did* say. *See* Trusts' Br. 62-63.

Second, the Bureau timely ratified its decision at issue in *Moroney*. *See* Slip Op. at *2. Not so here. The Bureau intimates this distinction is irrelevant, but as the Trusts pointed out, the traditional remedy for an enforcement action infected by an unlawful removal provision is dismissal unless the agency validly ratifies. *See* Trusts' Br. 45-49. The Bureau did so in *Moroney*, yet despite every opportunity, failed to do so here.

Third, *Moroney* involved a CID—not an enforcement action. A CID, even one the agency sues to enforce, inflicts a different injury than a direct enforcement action seeking monetary penalties. *See United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1997 (2021) (Breyer, J., concurring) ("any

March 30, 2023
Page 2

remedy" for Article II violations "should be tailored to the constitutional violation"); *cf. CFPB v. Seila Law LLC*, 984 F.3d 715, 719 (9th Cir. 2020) (parties "may not defeat agency authority to investigate" with defenses to "future enforcement action[s]"). Thus, even if this Court agrees with the Second Circuit's interpretation of *Collins*, it need not apply it here where the constitutional injury is more acute.

          Respectfully submitted,

          */s/ Jonathan Y. Ellis*

          Jonathan Y. Ellis
          MCGUIREWOODS LLP
          501 Fayetteville St.
          Suite 500
          Raleigh, NC 27601
          jellis@mcguirewoods.com

          Nicholas J. Giles
          MCGUIREWOODS LLP
          Gateway Plaza
          800 East Canal Street
          Richmond, VA 23219
          ngiles@mcguirewoods.com

          Francis J. Aul
          MCGUIREWOODS LLP
          888 16th Street, N.W.
          Suite 500
          Washington, DC 20006
          faul@mcguirewoods.com

          *Counsel for the Defendant-Appellant Trusts*

cc:    All Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF System, which will also serve counsel of record.

*/s/ Jonathan Y. Ellis*
Jonathan Y. Ellis